### THE STATE, DANIEL P. FORST, PROSECUTOR, v. LEWIS PARKER, RECEIVER OF TAXES, &c.

1. Under the tax law of 1866, property owned in partnership is liable to be taxed in the same way as other property.
2. Whether the assessment be against the partners individually or against the firm as such, the whole partnership property is to be assessed at its full value; and no deduction can be allowed from such valuation unless the individual desiring the deduction shall make and sign and deliver to the assessor a true statement in writing, under oath or affirmation, of the several debts which he desires to have deducted, to whom owing, and where the creditor resides.

---

On *certiorari.* In matter of taxation.

Argued before BEDLE, WOODHULL, and SCUDDER, Justices.

For prosecutor, *A. G. Richey.*

For defendant, *G. D. W. Vroom.*

The opinion of the court was delivered by

WOODHULL, J. It appears from the return to the writ, and from the evidence in this case, that 'the prosecutor returned to the assessor of the Fifth ward of the city of Trenton, for the year 1868, real estate to the amount of $35,800, and personal property to the amount of $19,000, claiming to have deducted from the total valuation of the

real and personal property the sum of $23,300, for debts to creditors residing in the state of New Jersey. The statement as to the personal property was objected to as being not sufficiently in detail. The principal item embraced in that statement was the sum of $17,500, intended by the prosecutor to represent his interest in the firm of Forst, · Taylor & Co., after deducting the debts and liabilities of the firm ; and the objection was, that the prosecutor had taken upon himself to make this deduction without the statement and affidavit required by the statute. The statement made out by the prosecutor was afterwards returned to him by the assessor for correction, but was not corrected ; and the assessment book was made up and returned without any assessment against the prosecutor for his personal property. On the 9th of July, 1868, the prosecutor was notified in writing that complaint would be made to the commissioners of appeal that he had been omitted to be assessed for his personal property, to the end that such addition might be made to his taxes as should be right and proper. The prosecutor appeared and was examined before the commissioners, but whether on his oath or not, does not clearly appear. The result was that on July 29th, 1868, the commissioners of appeal ordered him to be assessed, in addition to the $19,000, the further sum of $41,500, and allowed deductions from the whole amounting to $23,300, leaving the sum of $37,200 to be taxed.

The sum of $41,500 thus added by the commissioners seems to have been taken from a statement, in writing, made out by the prosecutor, but not sworn to, in which that sum was given as the amount of his interest in the firm without any deduction for debts, and is complained of by the prosecutor as being excessive and illegal. It appears very clearly that this addition was too much by $17,500, the commissioners having failed to notice that in order to ascertain the amount to be added to the assessment, the sum representing the net interest of the prosecutor in the firm, and included in the item of $19,000, should have been deducted from the $41,500,

which represented his gross interest. The obvious intention of the commissioners was to add the $41,500 not to the $19,000, but to the $1,500, which, with the $17,500, went to make up the $19,000—making the whole assessment on the personal property $43,000, and this they would have accomplished by ordering an addition of $24,000, instead of $41,500. The assessment to this extent is wrong, and must be corrected so as to leave the sum of $19,700 to be taxed, instead of the sum of $37,200, as ordered by the commissioners. The assessment ordered by the commissioners, when thus corrected, will be found, I think, to be clearly justified by the act of April 11th, 1866.

By the second section of that act, all real and personal estate within this state, however or by whomsoever owned, is liable to be taxed at its full and actual value. Property owned in partnership is certainly just as liable to be taxed, and upon precisely the same principle, as any other property.

The methods of dealing with partnership property for the purposes of taxation do not appear to be the same in all sections of the state. In parts of East Jersey I understand the prevailing practice to be, to assess each member of the firm individually, for his interest in the property owned by the firm—while in West Jersey it is not unusual to treat firms as individuals in matters of taxation, and to assess, not each partner for his separate interest, but the firm as such, for all the property owned by it. I am not prepared to say which method is, on the whole, to be preferred—both have the same end in view, and both, I am inclined to think, do in fact bring about substantially the same result. Whether the assessment be against the partners individually or against the firm as such, it is certain that the whole partnership property must be assessed at its full value, and that no deductions can be allowed in either case from such valuation, unless the individual desiring such deduction shall make and sign and deliver to the assessor a true statement in writing, under oath or affirmation, of the several debts which he

desires to have deducted, to whom owing, and where the creditor resides.

The prosecutor objected to making a detailed statement, under oath, of the debts of the firm, on the ground that he could not swear that such debts were owing by him as an individual.    But he might without much difficulty have made out a statement of the firm debts, and having shown his proportion of them, might have claimed that as the measure of the deduction to be allowed him from the valuation of his entire interest in the firm property.    Such a statement would have been within the spirit of the act, and if made and delivered to the assessor within the term limited by the act, would have entitled the prosecutor to have his share of the liabilities of the firm deducted from his share of the assets.    But having failed to do this, no matter from what cause other than sickness or unavoidable accident, the prosecutor was not in a position to claim, either from the assessor or the commissioners of appeal, any deduction, except for the debts specified and sworn to in his statement to the assessor.    The assessor could not allow any further deduction, because the required statement had not been delivered to him " on or before the time limited by law for closing the assessment." The commissioners of appeal could not do it, because they had no such power, unless it appeared that the prosecutor was prevented by sickness or other unavoidable accident from delivering such statement to the assessor.    *Nix. Dig.* 955–6 ; *State* v. *Parker, Receiver, &c.,* 3 *Vroom* 341.    The assessment must be set aside to the extent of $17,500, and affirmed as to the residue.

**Order accordingly.**